IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 21-CR-2020 |
| vs. | ) | |
| JOSHUA WILLIAM BUTLER, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S BRIEF IN SUPPORT OF ITS SENTENCING MEMORANDUM AND RESISTANCE TO MOTION FOR DOWNWARD VARIANCE**

**A. FACTS**

*i. Facts of the Instant Offense*

On or about October 1, 2020, and continuing to on or about December 21, 2020, defendant purchased eight firearms from Scheels Sporting store in Cedar Falls, Iowa. (PSIR ¶ 6). On or about October 3, 2020, and continuing to on or about January 16, 2021, defendant purchased 25 firearms from Mr. Guns in Waterloo, Iowa. (PSIR ¶ 8). On or about December 19, 2020, defendant purchased five firearms from Sieh Guns. (PSIR ¶ 10).

Every time defendant purchased one of the 38 firearms referenced above, he filled out an ATF Form 4473 and represented that the firearm he was purchasing was for himself. (PSIR ¶¶ 6-11). However, defendant was purchasing the 38 firearms referenced above on behalf of another person. (*Id.*).

During the purchases, defendant often purchased multiple firearms at one time and rarely purchased any ammunition. (PSIR ¶ 12). During some of the

1

purchases, defendant was on his cellular phone speaking with unknown individuals regarding the pricing of the firearms. (*Id.*).

On January 2, 2021, defendant purchased a XDM Elite 9 firearm from Davenport Guns in Davenport, Iowa, in the Southern District of Iowa. (PSIR ¶ 13). On September 15, 2021, this firearm was recovered from an unknown person by the Chicago Police Department. Defendant never reported this firearm stolen. (*Id.*).

On January 22, 2021, law enforcement executed a search warrant at defendant's residence in Waterloo, Iowa. (PSIR ¶ 14). During their search, officers located the following items: 7 burnt marijuana roaches, approximately $1,900 in United States currency, approximately 100 rounds of ammunition, firearm magazines, empty firearm boxes, cordless drill with wire wheel brush heads (Govt. Exhibits 14-15), approximately 650 grams of marijuana, digital scale, plastic baggies, 60 amphetamine pills, and a Glock, Model 19 Gen5, 9mm pistol. (*Id.*). The firearm contained a partially obliterated serial number. (*Id.*).

On January 22, 2021, officers also executed a search warrant at defendant's storage unit in Waterloo, Iowa. (PSIR ¶ 15). Defendant was home at the time of the search. (*Id.*). During that search, officers located the following items: .22 caliber ammunition, a cell phone, drug packaging, and a Ruger .22 caliber pistol. (*Id.*). The pistol had an obliterated serial number. (*Id.*).

None of the 38 firearms purchased by defendant between October 2020 and January 2021 were recovered during the execution of the warrants, and defendant never reported any of the firearms stolen. (PSIR ¶ 16).

Following the execution of the search warrants, officers conducted a post-*Miranda* interview with defendant. (PSIR ¶ 17). During the interview, defendant admitted he was a regular user of marijuana. (*Id.*). Defendant admitted he used marijuana the previous night, January 21, 2022. (*Id.*). Defendant provided a urine sample, which tested positive for marijuana and amphetamines. (*Id.*).

On August 8, 2021, one of the firearms purchased by defendant from Scheels was recovered by the Chicago Police Department. (PSIR ¶ 18). It was recovered from an individual who was prohibited from lawfully possessing firearms. (*Id.*; Govt. Exhibit 5).

Since the date the PSIR was issued, the government has learned that the firearms referenced in paragraphs 8(t), 8(a), 8(i), 8(n), 6(u), 8(w), and 8(d) have been recovered from known and unknown individuals.[1] (Govt. Exhibits 1-4; Govt. Exhibits 6-8).

### ii. *Defendant's Criminal History and Background*

Defendant has two adult criminal convictions. In 2011, defendant was convicted of operating while intoxicated, first offense. (PSIR ¶ 35). In committing this offense, defendant operated his vehicle while under the influence of marijuana. (*Id.*). Defendant admitted he smoked marijuana regularly and voided a urine specimen which was positive for marijuana. (*Id.*). Defendant was sentenced to 24 months' probation. (*Id.*). Defendant violated the conditions of his probation by "failing to maintain employment, voiding multiple urine specimens which tested

---

[1] This information was provided to counsel for defense. The government is currently trying to determine if any of the individuals from whom a firearm was recovered were prohibited from lawfully possessing a firearm at the time.

positive for THC, missing appointments, failing to pay his court-ordered obligations or supervision fees, and absconding from supervision." (*Id.*).

In 2011, defendant was also convicted of driving while license denied or revoked for OWI test failure. (PSIR ¶ 36).

Defendant has a history of substance abuse. He has used marijuana since the age of 25. (PSIR ¶ 54). Defendant has also used ecstasy and amphetamines. (PSIR ¶ 55).

**B. ARGUMENT**

### i. *Defendant's Base Offense Level is 20 Because Defendant's Offense Involved a High-Capacity Magazine*

Pursuant to USSG §2K2.1(a)(4), defendant's base offense level is 20 if "the offense involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine." USSG §2K2.1(a)(4)(B)(I). A "semiautomatic firearm that is capable of accepting a large capacity magazine" is defined as a "semiautomatic firearm that has the ability to fire many rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm." USSG §2K2.1(a)(4)(B)(I), app. note (2). The Courts have provided little guidance in defining "close proximity". However, the high-capacity magazine needs to be in "close physical proximity" to the firearm capable of accepting the magazine at the time of the offense. *See United States v. Curruth,* 439 F. App'x. 560, 563 (8th Cir. 2011); *see also United States v. White,* 701 F. App'x 517, 520 (8th

4

Cir. 2017) (declining to find district court clearly erred under the law where court applied enhancement after extended magazine found in an upstairs bedroom and the firearm found in the living room).

As the evidence will show at sentencing, the 33-round Glock 9x19mm magazine was located in on a closet shelf on the first-floor bedroom. The ATF has confirmed this magazine is compatible with the Glock 19, 9x19 caliber pistol that was located in the master bedroom closet located on the second floor of the residence. While the home consisted of two floors, the evidence will show that both floors were relatively small and only moments from each other. The evidence will show that all of the items outlined in paragraph 14 of the PSIR were located throughout multiple areas of the residence. Defendant has not denied ownership of the magazine at issue, the firearm, or any of the items referenced in paragraph 14.

While case law is sparse with respect to how close the magazine needs to be to the firearm to be considered within "close proximity", the government argues that defendant's easy access to both items, size of the house, and multiple locations of all items indicating criminal activity support a finding that the items were in close proximity of each other.

> ii. *Defendant was Appropriately Assessed a Four-Level Enhancement Because He Possessed a Firearm in Connection with Another Felony Offense*

Pursuant to USSG §2K2.1(b)(6)(B), a four-level enhancement is assessed if defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in

5

connection with another felony offense." USSG §2K2.1(b)(6)(B). "Another felony offense", for purposes of subsection (b)(6)(B), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG §2K2.1(b)(6)(B), app. note (14(C)). The enhancement is applied "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia. In these cases, application of subsections (b)(6)(B) and, if the firearm was cited in the offense of conviction, (c)(1) is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively." USSG §2K2.1(b)(6)(B), app. note (14(B)(ii).

Here, officers located approximately 650 grams (total weight) of marijuana in glass jars, along with a digital scale. (Govt. Exhibits 12, 13). Officers also located 60 amphetamine pills and $1,900 in United States currency, made up of small denominations. (Govt. Exhibits 10, 11). Underneath a sink in the kitchen, officers located multiple glass jars, the same jars used to contain the marijuana seized. (Govt. Exhibit 16). In the storage unit, officers located a firearm and multiple plastic baggies. (Govt. Exhibit 9). Standing alone, this evidence may be indicative of a drug user. However, evidence presented at sentencing will show that when reviewed together the evidence supports a finding defendant distributed drugs as well. The weight of the marijuana and number of pills suggests distribution. In addition to significant drug weight, officers located packaging materials like the glass jars and plastic baggies. Officers also located a digital scale, which is

6

indicative of distribution, located near the marijuana. $1,900 in currency was also seized from defendant. This is significant because the PSIR reflects defendant did not have a job at the time the money was seized, and because the money was broken up into small denominations, also consistent with drug distribution. All of the above support a finding that defendant possessed the marijuana and amphetamine pills with the intent to distribute all or some of them. *See* Iowa Code § 124.401 (making it a felony offense to possess with the intent to distribute 50 kilograms or less of marijuana or five grams or less of amphetamines).

### iii. *The Court Should Deny Defendant's Request for a Downward Variance and Sentence Defendant Within the Advisory Guideline Range*

A district court has the discretion to grant a variance from an advisory guideline range in consideration of the factors outlined in 18 U.S.C. § 3553(a). *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). Defendant has requested a downward variance. (Docket 44). While the Court has broad discretion to vary from the advisory guideline range, the factors identified by defendant do not support a variance and are outweighed by defendant's aggravating conduct in the instant offense.

Here, defendant purchased 38 firearms for other individuals, most of which have not been recovered. He was a drug user at the time and possessed his own guns as a drug user. Two of the firearms seized from defendant had altered or obliterated serial numbers. While defendant denies he intentionally altered serial numbers, the tools to do so were located at his residence. The evidence also shows that he possessed marijuana and amphetamines and intended to sell them. While much of

7

defendant's aggravating conduct is accounted for in calculating his guideline range, there are no mitigating factors which warrant an outside of the guideline range.

## C. CONCLUSION

The Court should overrule defendant's objections and deny defendant's request for a downward variance. Additionally, the Court should impose a sentence within the advisory guideline range.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By: *s/Ashley L. Corkery*

ASHLEY L. CORKERY
Assistant United States Attorney
111 7th Avenue, SE Box 1
Cedar Rapids, IA 52401
(319) 363-6333
(319) 363-1990 - fax
Ashley.corkery@usdoj.gov
